**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-0134-CVE |
| | ) | |
| **JEFFREY SHAUN BAGBY,** | ) | |
| a/k/a "Jeffrey Sjawn Bagby," | ) | |
| a/k/a "Jeffrey Shawn Bagby," | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's unopposed Motion for Continuance (# 29). Defendant seeks a continuance of his trial date by thirty (30) days because defense counsel has requested but not yet received information regarding officers of the Tulsa Police Department (TPD) who are potential witnesses in this matter.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear

that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that defense counsel would be unable to prepare for trial before the current trial date, and a limited ends of justice continuance is appropriate. Defendant made his initial appearance on September 2, 2010, and counsel was appointed to represent defendant at that hearing. Dkt. # 5. Due to a conflict of interest, that counsel was allowed to withdraw on September 7, 2010, and new defense counsel was appointed the same day. Dkt. # 9. The second appointed defense counsel moved to withdraw on October 6, 2010; the motion was granted on October 7, 2010, and new defense counsel was appointed. Dkt. ## 20, 23.

Following her appointment, defense counsel sought information from the government regarding officers of the TPD who are potential witnesses in this matter. Due to the nature of the ongoing investigation of the TPD officers, the United States Attorney for the Northern District of Oklahoma is not in possession of that information. Instead, the United States must request the

material through a United States Department of Justice designee, who will then gather the materials if they exist and forward them to the assigned prosecutor. Both parties have exercised diligence in seeking the information through the proper channels. However, they have not yet received the information. Defendant has reason to believe that the information sought may be exculpatory, and the government has not opposed defendant's motion for a continuance. The Court therefore finds that the public's interest in a speedy trial does not outweigh the need to provide defense counsel adequate time to prepare for trial, and a limited ends of justice continuance is appropriate under the circumstances.

**IT IS THEREFORE ORDERED** that defendant's Motion for Continuance (Dkt. # 29) is **granted**. The jury trial scheduled for November 15, 2010 is hereby **stricken**; and jury trial is **reset for December 20, 2010 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the time between November 15, 2010 and December 20, 2010 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that the government's Motion in Limine (Dkt. # 30) seeking exclusion of all evidence regarding the current investigation of TPD officers will remain under advisement pending the outcome of discovery.

**DATED** this 12th day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT