UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-0134-CVE |
| | ) | |
| JEFFREY SHAUN BAGBY, | ) | |
| a/k/a "Jeffrey Sjawn Bagby," | ) | |
| a/k/a "Jeffrey Shawn Bagby," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to obtain transcripts (Dkt. # 42)[1]. Defendant, who is awaiting sentencing, requests transcripts of four proceedings from his case: the grand jury testimony, the detention hearing, the pretrial hearing, and the trial. Defendant asks that these transcripts be provided to him "[d]ue to the fact that [he is] indigent." Dkt. # 42.

A request for grand jury transcript is reviewed under the standards set forth in Fed. R. Crim. P. 6(e). Under Rule 6, the Court may authorize disclosure of a grand jury transcript "preliminarily or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). When considering a request to disclose grand jury testimony, the Tenth Circuit Court of Appeals has stated that there is a presumption against disclosure unless the moving party meets the demanding test established in Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979). Lynde v. Rienks, 922 F.2d 1448, 1451-52 (10th Cir. 1991). The moving party must show that "the material [he] seek[s] is needed to

---

[1] Defendant, who is representing himself pro se, sent a letter to the Clerk of Court requesting that he be provided with transcripts. The Court construes his letter as a motion to obtain transcripts.

avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." Id. The most important consideration under Rule 6(e) is whether the moving party has made a "strong showing of particularized need" for a grand jury transcript. United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). Once the movant has established a particularized need, he must still show that his need for disclosure outweighs the need for secrecy and that he has limited his request to avoid unnecessary disclosure. United States ex rel. Stone v. Rockwell Int'l Corp., 173 F.3d 757, 759 (10th Cir. 1999). Here, defendant has made no attempt to satisfy any of the requirements for disclosure of grand jury testimony under Rule 6(e), and his motion can be denied on that basis alone. United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993)(even though a court should construe a pro se defendant's pleadings liberally, defendant must still satisfy every element of Douglas Oil test to obtain grand jury transcript). Defendant has not shown that he has a particularized need for the transcript of his grand jury testimony or that the transcript would produce evidence relevant to his sentencing. The Court therefore finds no basis to disturb the secrecy of the grand jury's proceedings, and defendant's motion is denied as to the grand jury transcript.

Defendant's requests for transcripts of the detention hearing, pretrial hearing, and trial are similarly unavailing at this time. Criminal defendants have an absolute right to a trial transcript for direct appeals. Nortonsen v. Larimer Cty. Dist. Ct., No. 05-1390, 2006 WL 1086437, at * 1 (10th Cir. April 26, 2006)(unpublished)[2]. More broadly, indigent defendants also have a "constitutional

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding." Matthews v. Price, 83 F.3d 328, 334 (10th Cir. 1996)(citing United States v. Pulido, 879 F.2d 1255, 1256 (5th Cir. 1989)). That broad right is not unlimited, but depends on "the value of the transcript to the appeal or trial for which it is sought," and "the availability of alternate devices that would fulfill the same functions as a transcript." Id. (citing Britt v. North Carolina, 404 U.S. 226, 227 (1971)). The absolute right to transcripts on appeal does not apply when a defendant seeks postconviction collateral relief. Instead, a defendant's right to free transcripts in support of postconviction collateral relief is governed by 28 U.S.C. § 753(f), which provides: (1) that free transcripts shall be provided to indigent defendants in proceedings brought under section 2255 where the court certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal; and (2) that free transcripts shall be provided in other proceedings to defendants permitted to appeal in forma pauperis where the court certifies that the issue is not frivolous, but presents a substantial question. Indigent prisoners do not have a constitutional right to access free transcripts merely to search for error. See Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992).

The Tenth Circuit has not addressed the standard that governs a pro se defendant's request for free transcripts prior to a sentencing hearing or any appeal. Because defendant has not yet filed a direct appeal, his absolute right to a transcript does not apply at this time. Moreover, defendant has not yet been sentenced, and consideration of his request for transcripts in support of a motion

for collateral relief is therefore premature.[3] Finally, neither party has any pending motions for which transcripts may be necessary to assist defendant in an effective defense. It is unclear to what use defendant would put transcripts of his detention hearing, pretrial hearing, and trial at his upcoming sentencing hearing.[4] See United States v. Manuel-Mediano, No. 98-4084, 1999 WL 317514, at * 3 (10th Cir. May 20, 1999)(unpublished)[5](noting that sentencing proceedings do not involve retrials of the facts of the underlying conviction). Defendant has provided no explanation for his request, but instead relies only on his indigent status. However, indigent prisoners do not have a right to free transcripts to conduct fishing expeditions in search of error in the underlying proceedings. The requested transcripts would not be useful to defendant in mounting any effective defense at this time, and the Court does not find that defendant has a right to free transcripts in advance of his sentencing

---

[3] The Tenth Circuit has declined to decide whether relief under § 753(f) is available only upon the filing of a petition for collateral relief, or whether it may be available to assist in preparation of such a petition. Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993)(holding that "[e]ven if a defendant may properly satisfy the requirements of § 753(f) in a pre-petition motion," the appellant had failed to provide any allegations to support his claim for transcripts); compare United States v. Horvath, 157 F.3d 131, 132-33 (2nd Cir. 1998)(finding that a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion was not ripe until the § 2255 motion had been filed). Even assuming that § 753(f) may apply prior to the filing of a petition for collateral relief, a motion under that provision must provide factual allegations regarding the anticipated claim for relief. Defendant has not provided any such allegations, nor would it be possible for him to do so before he has received a sentence to which to mount a challenge.

[4] Apart from the blanket availability of transcripts on direct appeal, other avenues by which indigent defendants may obtain free transcripts require at least a minimal finding of usefulness by the Court. E.g., Britt, 404 U.S. at 227 ("State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal"); 28 U.S.C. § 753(f).

[5] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

hearing and prior to any appeals or motions for relief.  Should the defendant later file a direct appeal or other motion for relief, he may renew his request for transcripts.

**IT IS THEREFORE ORDERED** that defendant's motion to obtain transcripts (Dkt. # 42) is **denied**.

**DATED** this 1st day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT