# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY SHAUN BAGBY, )<br>a/k/a Jeffrey Sjawn Bagby, )<br>a/k/a Jeffrey Shawn Bagby, )<br>)<br>Defendant. ) | Case No. 10-CR-0134-CVE<br>[Civil Case No. 14-CV-0232-CVE-PJC] |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 88). On May 12, 2014, defendant Jeffrey Shaun Bagby, a federal prisoner appearing pro se, filed a § 2255 motion, and attached to the § 2255 motion was a list of seven grounds for relief. Dkt. # 88, at 13. However, the grounds were not explained in detail and he directed the Court to a "forthcoming Memorandum of Law" for the additional information about his claims. Id. at 4. The Court has granted defendant two extensions of time in which to file his memorandum but, to date, no memorandum of law has been filed by defendant. See Dkt. ## 91, 94. On September 17, 2014, the Court ordered defendant to show cause why his § 2255 motion was timely. Dkt. # 97. Defendant's response to the order to show cause was due no later than October 17, 2014, and defendant has not responded to the Court's order.

On September 7, 2010, a grand jury returned an indictment charging defendant with possession of at least 50 grams of cocaine base (crack) with intent to distribute (count one) and being a convicted felon in possession of a firearm (count two). Dkt. # 11. Defendant made his initial appearance before a magistrate judge, and Julia O'Connell, the Federal Public Defender for

the Northern District of Oklahoma, was appointed to represent defendant. Dkt. # 5. O'Connell became aware of a conflict of interest, and she requested leave to withdraw from her representation of defendant. Dkt. # 8. O'Connell's motion was granted, and James Fatigante was appointed to represent defendant. Dkt. # 9. Defendant was detained pending trial. Dkt. # 17. Fatigante filed a motion to withdraw as defense counsel, because the attorney-client relationship was "irretrievably broken" and Bagby had asked Fatigante to withdraw from his representation of defendant. Dkt. # 20. The Court granted Fatigante's motion to withdraw and appointed Beverly Atteberry to represent defendant. Dkt. # 23. On November 5, 2010, defendant appeared with counsel at the pretrial conference, and defendant asked for an ex parte hearing without counsel for the government present. Dkt. # 27. Defendant asked the Court to terminate Atteberry's representation of defendant and for leave to represent himself, and both requests were denied by the Court. Id. The Court continued the jury trial at defendant's request to allow the parties to resolve certain discovery issues, and the trial was reset for December 2010. Id. at 31. On December 21, 2010, the government filed an enhancement information stating that defendant had three prior drug trafficking convictions, and defendant was on notice that he would receive a mandatory life sentence if convicted on count one. Dkt. # 34.

The jury trial began on December 22, 2010, and defendant renewed his request to represent himself at trial. The Court held a colloquy with defendant about his decision to represent himself at trial and his potential punishment if convicted and, understanding that he had a right to counsel, defendant chose to represent himself at trial. Dkt. # 68, at 6-12. Defendant was convicted on the drug charge (count one), but the jury found defendant not guilty as to the firearm charge (count two). On March 29, 2011, the Court sentenced defendant to the statutory mandatory minimum sentence

2

of life imprisonment. Dkt. # 51. An issue arose as to whether defendant received the addendum to the presentence investigation report at least seven days before the sentencing hearing, and the Court vacated the judgment and commitment and reset the sentencing hearing to allow defendant sufficient time to review the addendum. Dkt. # 52. The Court held a second sentencing hearing on April 13, 2011, and defendant was again sentenced to life imprisonment. Dkt. ## 55, 56. Defendant filed a pro se notice of appeal (Dkt. # 58), and the Tenth Circuit Court of Appeals appointed counsel to represent defendant on his direct appeal. Dkt. # 73. On October 17, 2012, the Tenth Circuit affirmed defendant's conviction and sentence. Dkt. # 79. Defendant did not file a petition for writ of certiorari from the United States Supreme Court.

On May 12, 2014, defendant filed a § 2255 motion alleging that he received ineffective assistance of counsel.[1] Dkt. # 88. His § 2255 motion states that he would file a "forthcoming Memorandum of Law" explaining his claims in greater detail. Id. at 4. He requested a 60 day extension of time to file his memorandum, and the Court granted defendant's request. In July 2014, defendant filed a second request for an extension of time to file his memorandum, and the Court extended defendant's deadline to file a memorandum to September 8, 2014. Dkt. # 94. Defendant has requested a third extension of time (Dkt. # 95) in which to file his memorandum and he requests leave to conduct discovery (Dkt. # 96). On September 17, 2014, the Court ordered to defendant to show cause why his § 2255 motion was timely, and his deadline to file a response to the Court's order was October 17, 2014. Dkt. # 97. Defendant has not filed a response to the Court's order.

---

[1] The majority of defendant's claims concern the alleged ineffective performance of trial counsel. However, defendant voluntarily terminated the attorney/client relationship with the two court-appointed attorneys and he chose to represent himself at trial. It is unclear that defendant has any factual basis to support some or all of these claims due to his voluntary decision to represent himself.

Under 28 U.S.C. § 2255(f), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255. If a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). If a defendant does not appeal, the conviction becomes final after the defendant's deadline to file an appeal has expired. United States v. Guerrero, 488 F.3d 1313, 1316 (10th Cir. 2007). The one year statute of limitations is subject to equitable tolling when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008).

In this case, defendant's conviction became final on January 15, 2013. The Tenth Circuit issued its decision on October 17, 2012 and defendant did not file a petition for writ of certiorari. Defendant's conviction became final 90 days after the Tenth Circuit's decision when his time to file a petition for writ certiorari expired, and defendant had one year from January 15, 2013 to file a § 2255 motion. Thus, defendant's § 2255 motion is untimely if it was filed after January 15, 2014. Defendant did not file his motion until May 12, 2014. The motion includes an attachment generally identifying defendant's grounds for relief, but he refers to "forthcoming Memorandum of Law" for the specific factual and legal basis for his claims. See Dkt. # 88, at 4, 13. As to the timeliness of his § 2255 motion, defendant simply states "Motion timely filed." Id. at 10.

Defendant's deadline to file a § 2255 motion was January 15, 2014, and he did not file his motion until May 12, 2014. As required by Day v. McDonough, 547 U.S. 198 (2006), the Court gave defendant notice and an opportunity to respond before dismissing his § 2255 motion as time-

barred. Defendant has not responded to the order to show cause. The Court has reviewed defendant's § 2255 motion (Dkt. # 88), his motions for an extension of time to file a brief in support of his § 2255 motion (Dkt. ## 90, 93, 95), and the docket sheet, and the Court finds no basis to equitably toll the statute of limitations. At most, defendant alleges that an altercation took place in his prison on May 5, 2014 and this prevented him from drafting a memorandum in support of his § 2255 motion at that time. This does not tend to show that defendant was diligently pursuing his claims within the one year before January 15, 2014 or that extraordinary circumstances beyond his control prevented him from filing a timely § 2255 motion. Defendant could also be arguing that he filed requests for information under the Freedom of Information Act (FOIA), but various government agencies or employees refused to respond to his requests. Dkt. # 96. However, defendant did not have to wait for responses to his requests before filing his § 2255 motion, and he has not shown that he was prevented from filing his § 2255 motion without the requested information.[2] There is no basis for the Court to equitably toll the statute of limitations under § 2255(f), and the Court finds that defendant's § 2255 motion is untimely.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 88) is **dismissed with prejudice as time-barred**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's Motion for Enlargement of Time within which to File Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence

---

[2]     The evidence provided by defendant shows that only one of his FOIA requests was mailed before May 12, 2014, and this does not tend to show that defendant was diligently seeking information within the one year statute of limitations. See Dkt. # 96, at 6-8.

by a Person in Federal Custody Pursuant to 28 U.S.C. Section 2255 (Dkt. # 95) and his Motion to Compel Discovery (Dkt. # 96) are **moot**.

**DATED** this 6th day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE