# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CR-0134-CVE** |
| | ) | **[Civil Case No. 14-CV-0232-CVE-PJC]** |
| **JEFFREY SHAUN BAGBY,** | ) | |
| **a/k/a Jeffrey Sjawn Bagby,** | ) | |
| **Jeffrey Shawn Bagby,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Movant's Response to Show Cause Order on Timelines [sic] with
Incorporated Motion for Enlargement of Time within to File Brief in Support of § 2255 Motion and
Renewed Motion to Compel Discovery (Dkt. # 102) and defendant's Motion to Alter or Amend
Judgment (Dkt. # 103). On November 6, 2014, the Court entered an opinion and order (Dkt. # 100)
dismissing defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt.
# 88) as time-barred. On December 1, 2014, defendant filed an untimely response (Dkt. # 102) to
the Court's order to show cause concerning the timeliness of his § 2255 motion. He has also filed
a motion to alter or amend judgment (Dkt. # 103) asking the Court to vacate the opinion and order
and judgment dismissing his § 2255 motion.

On December 23, 2010, defendant was convicted by a jury of possession of cocaine with
intent to distribute. Dkt. # 41. The government had filed an enhancement information stating that
defendant had three prior felony drug convictions, and defendant knew before trial that he would
be subject to a mandatory life sentence if convicted. Dkt. # 34. The Court sentenced defendant to
life imprisonment, and defendant filed a notice of appeal. Dkt. ## 56, 57. On October 17, 2012, the

Tenth Circuit Court of Appeals affirmed defendant's conviction and sentence. Dkt. # 79. Although not noted on this Court's docket sheet, defendant filed a petition for panel rehearing and rehearing en banc. The Tenth Circuit denied defendant's request for rehearing on February 5, 2013. Dkt. # 102, at 4. Defendant did not file a petition for writ of certiorari from the United States Supreme Court, and his conviction became final when his deadline to file a petition for writ of certiorari expired on May 6, 2013. On May 12, 2014, the Court Clerk received a § 2255 motion from defendant, but the motion had been placed in the prison mailing system on May 5, 2014. Dkt. # 88, at 12. Defendant requested an extension of time to file a brief in support of his § 2255 motion. Dkt. # 90. By September 2014, defendant had not filed a brief. The Court reviewed the docket sheet and ordered defendant to show cause why his § 2255 motion was timely. Dkt. # 97. Defendant did not file a response to the order to show cause. The Court relied on the information on the docket sheet and found that the defendant's § 2255 motion was untimely. Dkt. # 100.

Defendant has filed a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Dkt. # 103. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit

does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant argues that his § 2255 motion was timely, because he sought panel and en banc rehearing of his appeal and this extended his deadline to file a petition for writ of certiorari. Defendant's argument is raised in a Rule 59(e) motion and the Court must determine if defendant's motion is a "true" Rule 59(e) motion. In Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006), the Tenth Circuit stated that "a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true [59(e)] motion." Id. at 1216. Defendant's Rule 59(e) motion challenges only the Court's ruling on the timeliness of his § 2255 motion, and his motion is a true Rule 59(e) motion. Based on defendant's untimely response to the Court's order to show cause, the Court finds that defendant's deadline to file a § 2255 motion was May 6, 2014. Under Rule 13 of the Rules of the Supreme Court of the United States, "[t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate . . . ." However, "if a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for writ of certiorari for all parties (whether or not they requested rehearing or

joined in the petition for rehearing) runs from the date of the denial of rehearing . . . ." Defendant requested panel and en banc rehearing of the Tenth Circuit's ruling on his direct appeal, and his request for rehearing was denied on February 5, 2013. Defendant had 90 days from that date to file a petition for writ of certiorari, and his conviction became final on May 6, 2013 when his deadline to file a petition for writ of certiorari expired and no petition had been filed. Thus, defendant's one year statute of limitations under § 2255(f)(1) expired on May 6, 2014.

The Court previously stated that defendant's conviction became final on January 15, 2013 because the Court was unaware that defendant had sought rehearing in the Tenth Circuit. Dkt. # 100, at 4. Even though defendant's request for rehearing extended his deadline to file a § 2255 motion, this does not necessarily mean that defendant's § 2255 motion was timely. Defendant's one year statute of limitations expired on May 6, 2014, and the Court Clerk received defendant's § 2255 motion on May 12, 2014. However, under the prison mailbox rule, a pro se prisoner's filings "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005). The Tenth Circuit has expressly extended the prison mailbox rule to the filing of a § 2255 motion. United States v. Gray, 182 F.3d 762, 765 n.4 (10th Cir. 1999). Defendant's motion includes a certificate of mailing stating that "this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 05-05-2014." Dkt. # 88, at 12. Defendant is proceeding pro se and he states that he placed his § 2255 motion in the prison mail system on May 5, 2014, and the Court will deem defendant's § 2255 motion filed on May 5, 2014. This is one day before his one year statute of limitations to file a § 2255 motion expired, and his § 2255 motion was timely filed under § 2255(f)(1). The Court's prior opinion and order (Dkt. # 100) and judgment (Dkt. # 101) dismissing

4

defendant's § 2255 motion should be vacated, and the Court will rule on the claims asserted in his

§ 2255 motion.  The Court will also grant defendant's request for additional time to file a brief in

support of his § 2255 motion, but defendant is advised that no further extensions of this deadline will

be granted.[1]

      **IT IS THEREFORE ORDERED** that defendant's Motion to Alter or Amend Judgment

(Dkt. # 103) is **granted**.  The opinion and order (Dkt. # 100) and judgment (Dkt. # 101) are **vacated**.

Defendant's motion to under U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person

in federal custody (Dkt. # 88) is **reinstated** and remains pending.

      **IT IS FURTHER ORDERED** that defendant may file a brief in support of his § 2255

motion no later than **January 30, 2015**.  **Defendant is advised that no further extensions of this**

**deadline will be granted.**

      **IT IS FURTHER ORDERED** that plaintiff's response to defendant's § 2255 motion is due

no later than **March 2, 2015**, and defendant may file a reply no later than **April 1, 2015**.

      **DATED** this 11th day of December, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1]    Defendant also seeks to reurge his motion for discovery. Dkt. # 102, at 3.  However, the motion was deemed moot when the Court dismissed defendant's § 2255 motion and plaintiff had not had an opportunity to respond to the motion.  If defendant still seeks discovery, he may refile a motion seeking that relief and plaintiff will be given a chance to respond to the motion.