# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0134-CVE |
| ) | |
| JEFFREY SHAUN BAGBY, ) | |
| a/k/a Jeffrey Sjawn Bagby, ) | |
| Jeffrey Shawn Bagby, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Sentencing Reduction under First Step Act and Brief in Support (Dkt. # 124). Defendant argues that he is entitled to relief under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act), and he asks the Court to conduct a plenary resentencing hearing. Dkt. # 124. Plaintiff responds that the First Step Act has no effect on defendant's sentence and, without meeting this threshold requirement, defendant is not entitled to be resentenced. Dkt. # 128.

On September 7, 2011, a grand jury returned an indictment charging defendant with possession of 50 grams or more of cocaine base with intent to distribute (count one) and possession of ammunition after former felony conviction (count two). Dkt. # 11. Defendant rejected two plea agreements offered by plaintiff, and his attorney advised him that an enhancement information would be filed if he did not change his plea to guilty as to count one prior to trial. Dkt. # 67, at 6-8. Plaintiff filed an enhancement information (Dkt. # 34) alleging that defendant had three prior convictions for serious drug felonies, and defendant was on notice that he faced a mandatory minimum sentence of life imprisonment if convicted on count one of the indictment. Trial was set

to begin on December 22, 2010, and defendant advised the Court that he wished to represent himself at trial. Dkt. # 40, at 2. The Court conducted a colloquy with defendant about his right to counsel and permitted him to represent himself after making a record that defendant was knowingly and voluntarily asserting his right to represent himself. Id. At trial, the jury found defendant guilty of count one and made a specific finding that he possessed 342.88 grams of cocaine base, but the jury found defendant not guilty of count two. Dkt. # 41. On April 13, 2011, the Court sentenced defendant to the statutory mandatory minimum sentence of life imprisonment. Dkt. # 56. Defendant filed a direct appeal of his conviction and sentence, and his conviction and sentence were affirmed. Dkt. # 79. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 88). The Court denied defendant's § 2255 motion, and the Tenth Circuit Court of Appeals denied defendant's request for a certificate of appealability.

On October 18, 2019, the Federal Public Defender for the Northern District of Oklahoma filed a motion seeking to enter an appearance on behalf of defendant for the purpose of determining whether defendant qualified for relief under the First Step Act. Dkt. # 121. The Court granted the motion and, with the assistance of counsel, defendant has filed a motion for relief under the First Step Act. Dkt. # 124. Defendant argues that he was convicted of possessing with intent to distribute at least 50 grams of cocaine base, and his motion is based on the assumption that an undefined quantity in excess of 50 grams was the drug quantity used to determine his statutory and guideline ranges for sentencing purposes. He claims that the version of 21 U.S.C. § 841(b)(1)(A)(iii) in effect at the time of sentencing required that defendant receive a mandatory life sentence if he possessed more than 50 grams of cocaine base and had two or more prior convictions for serious drug felonies. The Fair Sentencing Act of 2010 increased the minimum quantity of cocaine base needed to trigger

the mandatory minimums imposed under § 841, and the amount of cocaine base under § 841(b)(1)(A)(iii) increased from 50 to 280 grams. Dorsey v. United States, 567 U.S. 260 (2012). The drug quantity needed to trigger the 5 to 40 year sentencing range of § 841(b)(1)(B)(iii) increased from 5 to 28 grams of cocaine base. Defendant argues that he now falls between 28 and 280 grams of cocaine base, and he asserts that he should be resentenced under § 841(b)(1)(B)(iii), rather than § 841(b)(1)(A)(iii). Dkt. # 124, at 9-10. Defendant asks the Court to conduct a plenary resentencing hearing, and he asks the Court to resentence him without reference to the career offender provision of the sentencing guidelines. Id. at 15. Even if the Court declines to revisit the career offender issue, he asks the Court to vary downward from the guideline range and impose a sentence between 135 and 168 months. Id. at 25-29.

Prior to November 1, 2010, § 841(b)(1)(A) imposed a statutory mandatory minimum sentence of 10 years and a statutory maximum of up to life imprisonment for a conviction involving at least 50 grams of cocaine base, and a sentencing range of 5 to 40 years applied to convictions involving more than 5 grams of cocaine base under § 841(b)(1)(B). Under § 841(b)(1)(A), the statutory mandatory minimum sentence increased to life imprisonment if a defendant had two or more prior convictions for serious drug felonies or serious violent felonies. A defendant convicted under § 841(b)(1)(B) would have faced a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if he had one or more prior convictions for a serious drug felony or serious violent felony. The Fair Sentencing Act of 2010 took effect on August 3, 2010 and increased the drug quantity needed to trigger these statutory sentencing ranges, and the United States Sentencing Commission promulgated new sentencing guidelines that took effect on November 1, 2010. Dorsey v. United States, 567 U.S. 260, 270 (2012). The drug quantity increased from 50 to

280 grams under § 841(b)(1)(A) and the quantity needed to impose a statutory mandatory minimum sentence under § 841(b)(1)(B) increased from 5 to 28 grams. The Supreme Court determined that the increased drug quantities required under the Fair Sentencing Act applied to all defendants sentenced after August 3, 2010, even if the offense occurred before the Fair Sentencing Act took effect. Dorsey, 567 U.S. at 281. Section 404(a) of the First Step Act makes the modifications to § 841(b)(1) from the Fair Sentencing Act applicable to an offense that was committed before August 3, 2010.[1] However, a court may not consider a motion under the First Step Act if a defendant's sentence was imposed or reduced in accordance with the Fair Sentencing Act or the defendant has filed a previous motion for relief under the First Step Act that was denied on the merits. Neither of these conditions applies to defendant and the Court will consider the merits of defendant's motion for relief under the First Step Act.

Plaintiff responds that defendant is not eligible for relief under the First Step Act, and it asks the Court to refrain from reaching defendant's request for a plenary resentencing hearing. Dkt. # 128. First, plaintiff argues that the Fair Sentencing Act of 2010 was in effect when defendant was sentenced in 2011, and he is not entitled to retroactive relief under a sentencing regime that was in effect at the time of his sentencing. Second, plaintiff argues that the defendant is not eligible for relief under the First Step Act, because the jury made a specific finding as to drug quantity and this amount exceeds the adjusted drug quantity of 280 grams required to impose a sentence under § 841(b)(1)(A)(iii) under the Fair Sentencing Act. The Court will not consider the first argument

---

[1] The First Step Act also makes changes the statutory mandatory minimum and maximum sentences for persons with prior convictions for serious drug felonies or serious violent felonies, but section 401(c) of the First Step Act clearly states that these changes do not apply retroactively to defendants who have already been sentenced.

asserted by plaintiff, because it is clear that the drug quantity exceeds 280 grams and the First Step Act has no effect on defendant's sentence. Defendant would have a colorable argument for resentencing if he had pled guilty to count one and admitted to an unspecified drug quantity of more than 50 grams of cocaine base. However, defendant exercised his right to a jury trial and the jury was asked to determine the drug quantity. The jury decided that defendant possessed 342.88 grams of cocaine base, and this amount was used to determine the relevant statutory mandatory minimum and maximum sentences. This quantity exceeds the increased quantity of 280 grams provided in the Fair Sentencing Act, and the Court would still be required to impose a mandatory life sentence under § 841(b)(1)(A)(iii) even if defendant were resentenced today. Defendant's motion for relief under the First Step Act wholly ignores the jury's finding as drug quantity, and he has not made a threshold showing that he is entitled to relief under the First Step Act.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentencing Reduction under First Step Act and Brief in Support (Dkt. # 124) is **denied**.

**DATED** this 31st day of March, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE